IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JONATHAN ANDREW HART            CIVIL ACTION
Plaintiff,                      NO: 6:24-cv-53
v.                              -JRH-BWC
WARDEN ROBERT ADAMS,
FNU SIKES, FNU LARISEE,
MARIE TAYLOR, WARDEN
SIDNEY CARTER, and CORECIVIC
Defendants

## SECOND AMENDED COMPLAINT

I. Introduction

A) This is a civil rights action brought under 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. Plaintiff also seeks damages for violations of the Privacy Act of 1974, and emotional distress.

II. Jurisdiction and Venue

A) This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) because this case involves Federal question under 42 U.S.C. § 1983. As well as under 28 U.S.C. § 1332 diversity jurisdiction, being defendant CORECIVIC's headquarters are located in Tennessee.

1

Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. § Section 2283 and 2284 and rule 65 of the Federal Rules of Civil procedure.

B.) The Southern District of Georgia is an appropriate venue under 28 U.S.C. § Section 1391(b)(2), because it is where the events giving rise to action occurred, within this district.

## III. PARTIES

A.) Plaintiff Jonathan Andrew Hart is and was at all times mentioned herein a prisoner of the State of GEORGIA in the custody of the Georgia Department of Corrections. Plaintiff is and was confined/housed at Jenkins Correctional in Millen, GA, owned and operated by CORECIVIC, at all times mentioned in this complaint.

B.) Defendant Warden Robert Adams, employed by CORECIVIC at Jenkins Correctional was acting under color of law at all relevant times, as the facility's Warden. Defendant is sued in his individual and official capacity.

C.) Defendant FNU SIKES, employed by GEORGIA Department of Corrections (GDC) at Jenkins Correctional was acting under color of law at all times relevant to this complaint, as the State Monitor for private

2

Prison operations. Defendant is sued in his individual and official capacity.

D.) Defendant FNU LARISEE, employed by CORECIVIC at Jenkins Correctional was acting under color of law at all relevant times, as the prison facility mail room staff. Defendant is sued in her individual and official capacity.

E.) Defendant Marie Taylor, employed by CORECIVIC at Jenkins Correctional was acting under color of law at all relevant times, as the facility's Warden's secretary and in administration. Defendant is sued in her individual and official capacity.

F.) Defendant WARDEN SIDNEY CARTER, employed by CORECIVIC at Jenkins Correctional was acting under color of law at all relevant times, as the prison's current Warden. Defendant is sued in his official and individual capacity.

E.) Defendant CORECIVIC., is the Corporate Entity that owns and operates Jenkins Correctional, under contract with G.D.C., was acting under color of law at all relevant times, as the Corporation provides a prison facility to house Georgia's prisoners, and is responsible for the employees, policies, rights, and welfare of the prisoners. Defendant is sued in its individual and official capacity.

3

## IV. Exhaustion of Administrative Remedies

Plaintiff Jonathan Andrew Hart, has exhausted all necessary administrative remedies via facility grievance procedures and appeals, in compliance with the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). It will be mentioned in this complaint on exhibits are attached to original complaint, currently on file.

## V. Statement regarding Exhibits

Due to limited resources at the time of filing, plaintiff was unable to retain copies of all original exhibits and is referencing them to the best of memory. Plaintiff respectfully requests that this court and defendants refer to the exhibits attached to the original complaint as filed, and incorporate them by reference here. To the extent that any labeling or identification differs from the original, plaintiff requests the court view the content in context. As well as Plaintiff will attach additional exhibits herein, that further support claims.

## VI. Statement of Claim(s) / FACTS

1) On 02/21/2024, Plaintiff recieved time sensitive legal mail from the State Bar Association of Georgia. This legal mail was stamped arrived at facility on 02/14/2024, which shows defendants withheld the mail for a week. This specific legal mail was in regards to a State Bar investigation to determine whether plaintiff is able to recieve his

4

$6000.00 paid to previous attorney back, and possibly be permitted to file an out of time Habeas Corpus and not lose Constitutional claims by being out of time. The determination of the investigation has the potential to permanately affect the plaintiffs' life by irreparable harm. Plaintiff was ordered by the State Bar to have a rebuttal filed by 02/29/2024, which prevented adequate time to research, study, and prepare the documents through a weekend, due to defendants actions. Plaintiff filed an institutional grievance at Jenkins Correctional SEE Exhibit "A", attached to original complaint. Grievance Coordinator spoke with plaintiff, and stated she would speak to Mr. Sikes on how to approve grievance. Warden Robert Adams, approved the grievance, and agreed the legal mail was withheld. Defendant Marie Taylor then denied the awarded grievance resolution for logs of mail and attorney communication logs. No changes was made, and to this current date plaintiff has been unable to verify if the State Bar has accepted his rebuttal, and if the investigation was concluded or is pending still.

2) A legal letter plaintiff sent to the Georgia Supreme Court, was returned to the prison stamped, "recieved 03/22/2024". Postal Service marked envelope, "Temporarily away". SEE Exhibit "B", attached to original complaint. Mail room staff, at Jenkins Correctional, opened it outside plaintiffs

5

presence, copied it, and trashed originals. On 03/26/2025 plaintiff filed a grievance, which was denied. Plaintiff appealed the decision, which was also denied, claiming for safety and security of the facility. SEE Exhibit "C", attached to original complaint.

3) On 04/29/2024, plaintiff recieved legal mail from the U.S. District Court. The mail was opened, copied, and originals was trashed, and pages was missing. SEE Exhibit "D", attached to original complaint.

4) On 04/29/2024, plaintiff recieved legal mail from Legal Aid Atlanta, a pro-bono association of Lawyers. It was opened, copied, and originals was trashed. SEE Exhibit "E", attached to original complaint.

5) On 05/15/2024, plaintiff recieved a gold envelope marked "Legal Documents" from Jenniffer Hart, Power of Attorney, Trustee and Secretary to Estate and Trust. It was opened by mail room staff, copied, and originals was trashed. Plaintiff recieved copies. SEE Exhibit "F", attached to original complaint.

6) On 05/31/2024, plaintiff recieved another gold envelope from Power of Attorney (P.O.A.)/Trustee Jenniffer Hart. It was opened, copied, and originals was trashed. Plaintiff recieved copies, pages from court forms was missing. Envelope was marked, "Open in error", came in opened, and initialed "C.L". SEE Exhibit "G", attached to original complaint.

6

7) On 06/18/2024, plaintiff recieved another gold envelope from P.O.A./Trustee marked, "Legal/Confidential". It was opened, copied, and originals trashed. Plaintiff recieved copies. SEE Exhibit "H", attached to original complaint.

8.) On 06/24/2024, plaintiff recieved a legal letter from T. Rowe Price in regards to a Freedom of Information Act Request (F.O.I.A.) about state municipal bonds. It was opened outside plaintiff's presence, copied, originals trashed, and plaintiff recieved a copy. Envelope was marked, "Opened in Error", and initialed "CL". SEE Exhibit "I", attached to original complaint.

9.) On 07/01/2024, plaintiff recieved legal mail from P.O.A./Trustee, marked "Legal Confidential". This contained documents that are not for public knowledge, records associated with municipal bonds, cusips, etc. It was opened outside the plaintiff's presence, copied, and original trashed. Plaintiff recieved copies. Envelope was marked by staff, "Opened in Error", initialed "CL", and big red letters staff wrote, "Copy has been made, dated 07/01/2024. SEE Exhibit "J", attached to original complaint.

10.) On 07/25/2024, plaintiff recieved legal mail from P.O.A./Trustee marked, "Legal/Confidential", containing plaintiffs U.C.C. filings with Secretary of State of Iowa. It was opened outside of plaintiff's presence, copied, and originals was trashed. Envelope copy was marked

7

"opened in error", "when came in", and initialed "CL". SEE Exhibit "K", attached to original complaint. Plaintiff filed a grievance on 08/15/2024, stating what continues to happen with legal mail being opened, copied, and trashed without any written letter of censorship or probable cause. Plaintiff requested Warden Sidney Carter to stop the violations, and replace the losses. Warden Sidney Carter denied the grievance stating it contained more than one issue. SEE Exhibit "L", attached to original complaint. An appeal was filed with GDC Central Office stating grievance contained one issue in regards to legal mail, and listed the repeated offense. On 08/26/2024, the appeal was denied on grounds of CORECIVIC Policy 16-1-C1, outlining legal mail must be marked "Confidential". SEE Exhibit "M", attached to original complaint.

11.) On 08/13/2024, plaintiff recieved legal mail from the U.S. General Service Administration. It was opened, copied, and originals trashed. Plaintiff recieved a copy. SEE Exhibit "N", attached to the original complaint.

12.) On 08/13/2024, plaintiff recieved legal mail from P.O.A. Trustee containing U.C.C. Financing Statements, Birth Certificate, and court documents to be filed. It was opened, copied, and originals was trashed. SEE Exhibit "O", attached to

8

original complaint

13.) On 08/14/2024, plaintiff recieved legal mail from Clerk of Court of White County Georgia. Plaintiff paid for certified copies of case, judgement and indictment. Mail was opened outside of plaintiffs' presence, marked, "opened in error", and initialed, "CL". The enclosed certified Indictment had a stamp on it from the Clerk stating, "Do not remove staples or it will not be a valid certified document. Mail room staff removed the staples, and made the documents invalid. SEE Exhibit "P" (7 pages), attached to original complaint.

14). On 08/21/2024, plaintiff recieved a memorandum from Warden Sidney Carter. He stated, he obtained knowledge that my P.O.A./Trustee was my mother, Jennifer Hart. Asked for her credentials to be submitted, even though it is already on the notary log at prison. SEE Exhibit "Q", attached to original complaint. Warden Sidney Carter then took my outgoing legal mail to my P.O.A./Trustee, containing legal documents marked "Legal mail", and wrote, "not legal address on envelope", then mailed it, after delay and tampering. SEE Exhibit "R", attached to original complaint.

15) On 08/27/2024, plaintiff recieved a copy of the tampered outgoing legal mail containing legal documents to be filed. Staff marked out "Legal mail / private

9

and wrote on envelope, "not legal address". SEE Exhibit "R", attached to original complaint. Plaintiff attaches to this second amended complaint a copy of the plaintiff's Power of Attorney filed on record publicly at White County Courthouse in Cleveland, GA and under plaintiff's U.C.C. with Secretary of State of Iowa. SEE Exhibit "S", attached herewith.

16.) Plaintiff states he is currently intimidated to exhaust legal remedies, due to previous behavior of staff member, State Monitor SIKES, who uses his authority to intimidate, and transferred another inmate to a worse/unsafe prison for filing a lawsuit. As well as Warden Sidney Carter has also transferred an inmate as retaliation for a lawsuit. This leaves plaintiff intimidated and forced to live in fear, because these two (2) specific defendants have complete control over plaintiff's living conditions, and treatment.

17.) From the time of 09/05/2024 through 03/18/2025, plaintiff has recieved seven (7) more envelopes containing legal documents from P.O.A./Trustee, all marked "Legal Documents". All was opened, copied, and originals trashed. One was marked by staff "Have made copies". All since the original filing date. SEE Exhibits "T, U, V, W, X, Y, and Z", attached herewith.

18.) On 04/17/2025, plaintiff recieved legal mail from this U.S. District Court. It was opened

10

outside plaintiff's presence, marked "opened by error JSD, verified 04/15/25 11:38 A.M." SEE Exhibit "AA", attached herewith.

VII. Claims for Relief

A) Count 1 - Violation of the 1st Amendment of the U.S. Constitution. Mail is protected by the right of freedom of speech. As well as access to courts, redress a grievance is protected by 1st Amendment. Defendants violated Count 1 in claims no: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 17, and 18

B) Count 2 - Violation of the 4th Amendment, U.S. Constitution. Illegal search and siezure. Defendants violated the 4th Amendment by opening and copying plaintiff's legal mail outside his presence, failing to deliver all the documents without pages missing. Actions taken without letter of censorship or probable cause. Defendants violated Count 2 in claims no: 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 17, and 18.

C) Count 3 - Violation of the 6th Amendment of the U.S. Constitution. Right to assitance of counsel, access to courts or legal representatives, including the priveledge of Power of Attorney. Defendants violated the 6th Amendment by hindering, delaying or delaying any legal to the plaintiff from his power of attorney, State Bar Association, Courts, pro-bono lawyers, or legal organizations. Defendants violated Count 3 in claims no: 1, 2, 3, 4, 5, 6, 7, 9, 10, 12, 13, 17, and 18

D.) <u>Count 4</u> - Violation of the 14th Amendment of the U.S. Constitution, due process. Defendants violated due process by failing to provide a letter of censorship on mail, violated their own Standard Operating procedures (S.O.P.), violated federal laws, and postal regulations without proper due process. Defendants violated Count 4 in claims no: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, and 18.

E.) <u>Count 5</u> - Violation of 8th Amendment of the U.S. Constitution, cruel and unusual punishment. The defendants actions against plaintiff was a direct abuse of authority which cause plaintiff unnecessary suffering and loss, subjecting plaintiff to cruel and unusual punishment. Forcing the plaintiff to fear being transferred to another facility, even a more dangerous facility is causing plaintiff to live in fear of retaliation, and intimidated to exercise his rights. Defendants violated Count 5 in claims no: 1, 5, 6, 7, 9, 10, 12, 13, 14, 16, 17, and 18.

F.) <u>Count 6</u> - Violation of the Privacy Act of 1974. Defendants violated the privacy act by gaining access to information pertaining to the defendants criminal case, personal records such as U.C.C. statements, birth certificate, municipal bonds, cusip reports, State Bar investigations, communications between courts, and/or legal entities, without plaintiffs

12

consent. While seemingly even spying on courts correspondences to plaintiff from this U.S. District Court in regards to this civil action. Defendants violated the Privacy Act of 1974 in claims no: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 17, and 18.

G. Count 7 - Emotional Distress. The Actions of all defendants listed in this complaint, as well as all claims contributed to the plaintiffs emotional distress suffering, causing plaintiff anxiety, depression feelings of helplessness, and loss. Every violation whether constitutional or privacy based contributed as well the plaintiff is essentially fighting for his life in a criminal case, and attempting to work that case with the assistance of his P.O.A. or organizations and courts, is being constricted by the employees of the prison institution. Now having to face civil litigation in this action on top of a criminal case adds to the suffering of the plaintiff, because the defendants are choosing to disregard federal law and constitutional rights. The plaintiff is powerless to stop it, and feels hopeless.

VIII   Prayer for Relief

Wherefore, plaintiff respectfully prays that this court enter judgement granting plaintiff:

1) A declaration that the acts and omissions described herein violated plaintiffs' rights under the

13

Constitution and laws of the United States.

2) A preliminary and permanent injunction ordering defendants not to transfer plaintiff to another prison out of retaliation, unless an iminent threat arises or plaintiff requests.

3) A preliminary and permanent injunction ordering defendants to stop opening, copying, and confiscating mail, and that legal mail is to be opened in the presence of plaintiff.

4) A preliminary and permanent injunction ordering defendants to acknowledge my Power of Attorney's rights and authority, filed on public record, and this mail is to be treated same as other legal mail.

5) A permanent injunction ordering CORECIVIC to use less invasive and legal practices in regards to legal mail and to change any policy that violates federal law or Constitution.

6) <u>Nominal damages</u> in the amount of $1000.00 against each defendant.

7) <u>Compensatory Damages</u>; A) Emotional distress in the amount of $100,000.00 against each defendant, jointly and severally, for multiple offenses.

B) - Violation of Privacy Act in the amount of $100,000.00 against each defendant, jointly and severally, multiple offenses

C) - For Losses, postage, court fees, documents destroyed or lost; in the amount of $100.00 against defendant Larisee.

8) <u>Punitive Damages</u>;

A) - In the amount of $5000.00 against defendant Warden Robert Adams for failure to act, and enforce his approved grievance, and disregarding actions of his staff.

B) - In the amount of $50,000.00 against defendant Larisee for repeated violations of rights and malicious actions, contrary to federal law, U.S. Constitution, and S.O.P.

C) - In the amount of $5000.00 against defendant Marie Taylor, for interfering with due process, and abusing authority with disregard to federal law, U.S. Constitution and S.O.P.

D) - In the amount of $10,000.00 against Warden Sidney Carter (defendant) for abuse of authority, intimidation, tampering with mail, failure to act, and disregard to federal law, U.S. Constitution, and S.O.P.

E) - In the amount of $1000.00 against defendant FNU SIKES for failure to act, intimidation, abuse of authority, and disregard of federal law, U.S. Constitution, and S.O.P.

F) - In the amount of $10,000.00 against defendant CORECIVIC, for enforcing or creating policies that are contrary to federal law and U.S. Constitution, and failure to act to correct or discipline staff.

9) A jury trial on all issues triable by jury
10) Plaintiff's costs in this suit
11) Any additional relief this court deems just, proper, and equitable.

Total of damages of nominal, compensatory, and punitive total to the amount of: $1,287,100.00

Dated: 04/21/2025

Respectfully Submitted,

X _____
Jonathan Andrew Hart
GDC #1000070441
Jenkins Correctional
3404 Kent Farm Dr.
Millen, GA 30442