IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JONATHAN ANDREW HART, | |
| Plaintiff, | CIVIL ACTION NO.: 6:24-cv-53 |
| v. | |
| WARDEN ROBERT ADAMS, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff filed a Motion for Protective Order.  Doc. 38.  Plaintiff also filed a Motion to Strike.  Doc. 39.  Plaintiff filed a second Motion to Strike.  Doc. 47.  Defendants filed Responses, opposing Plaintiff's Motions.  Docs. 44, 52.  For the following reasons, the Court **DENIES** Plaintiff's Motions.

BACKGROUND

In his Complaint, Plaintiff alleges that Defendants tampered with his legal mail.  Doc. 1.  Plaintiff filed suit under 42 U.S.C. § 1983, alleging violations of the First, Fourth, Sixth, and Eighth Amendments.  Id.

Defendants Adams, Carter, Laircey, and Taylor ("Defendants") filed a motion to dismiss for failure to exhaust administrative remedies.  Doc. 35.  In support of the motion, these Defendants attached several exhibits concerning Plaintiff's grievance history, including the Georgia statewide grievance procedure, Plaintiff's personal grievance history, and Plaintiff's grievance packets.  Docs. 35-1, 35-2, 35-3.

Plaintiff filed a Motion for Protective Order, arguing that the exhibits were not properly submitted. Doc. 38. Plaintiff also filed a Motion to Strike, arguing that it is improper for the Court to consider documents outside the pleadings when reviewing a motion to dismiss. Doc. 39.

Defendants filed a Notice, explaining that they inadvertently filed an unredacted copy of Plaintiff's grievance packets. Defendants explained further that they have submitted a redacted version of the exhibit and access to the unredacted version is now restricted. Doc. 42. Defendants also filed an omnibus Response in Opposition to Plaintiff's Motions. Doc. 44. Defendants argue that the exhibits to their motion to dismiss did not violate any Federal Rule of Civil Procedure. Defendants also argue that the Court can consider certain documents outside the pleadings when considering a motion to dismiss. Id. at 2.

Plaintiff filed a second Motion to Strike, arguing that the exhibits violate state secrecy provisions, are improperly in the public record, are inadmissible at the motion to dismiss stage, and are unfair. Doc. 47.

Defendants Adams, Laircey, Taylor, and Carter filed a Response, arguing that none of the exhibits attached violate any Federal Rule of Civil Procedure or law. Doc. 52.

## DISCUSSION

Plaintiff first argues that a protective order is necessary because the Commissioner of the Georgia Department of Corrections did not release official records under Georgia law. Doc. 38 at 1–2. Plaintiff repeats this argument in both Motions to Strike.[1] Doc. 39 at 2; Doc. 47 at 1. In his first Motion to Strike, Plaintiff also argues that Defendants' filing of exhibits violated Federal

---

[1] I construe Plaintiff's arguments in his Motion as arguments objecting to exhibits. At the pretrial motions stage, the Court may strike material from pleadings. Fed. R. Civ. P. 12(f). A motion to dismiss is not a pleading. Fed. R. Civ. P. 7(a). Therefore, the Court cannot "strike" the exhibits.

2

Rule of Civil Procedure 5(b)(1) and (2).  Doc. 39 at 1.  Plaintiff also argues that the exhibits are inadmissible because matters outside the pleadings cannot be considered on a motion to dismiss.  Id.  In his second Motion to Strike, Plaintiff repeats his earlier arguments and argues further that the attachments contain sensitive and restricted information.  Doc. 47 at 1.

Defendants argue in response that they have addressed Plaintiff's concerns regarding Federal Rule of Civil Procedure 5 with their Notice (see doc. 42).  Doc. 44 at 1.  Defendants also argue that attaching exhibits to a motion to dismiss is not improper.  Id. at 2.  Defendants argue that Plaintiff's arguments surrounding Defendants' authority to release records are unfounded because Defendants properly certified the authority of the Commissioner of the Georgia Department of Corrections.  Id.

Regarding authority to produce Plaintiff's grievance packets, Alicia Mandin, an employee with the Georgia Department of Corrections, states that the grievance packets included in the exhibits are true and correct.  Doc. 35-3 at 46.  She represents in her certification that she is authorized to certify official records of the Georgia Department of Corrections.  Id.  Therefore, Defendant's argument that Alicia Mandin is not authorized to certify these records appears to be facially untrue.

Regarding Plaintiff's arguments surrounding redaction and privacy, Defendants appear to have addressed these concerns with their Notice.  Plaintiff's argument is now moot.

Regarding Plaintiff's argument that external documents are not admissible for purposes of a motion to dismiss, Plaintiff's argument is unconvincing.  There are some instances in which it is appropriate for a court to consider matters outside the pleadings when ruling on a motion to dismiss.  See Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008).  Additionally, in some instances a court may consider information outside the pleadings by converting a motion to

dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(d). I do not, at this time, make a determination as to whether it is proper to consider Defendants' exhibits in resolving their motion to dismiss, and I take no view on whether conversion of Defendants' motion to dismiss might be necessary. Instead, I note that Plaintiff has not shown that the Court should exclude Defendants' exhibits for all purposes. Therefore, Plaintiff's Motions are denied. I will address whether it is appropriate to consider Defendants' exhibits when addressing Defendants' motion to dismiss.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion for Protective Order, doc. 38, first Motion to Strike, doc. 39, and second Motion to Strike, doc. 47.

**SO ORDERED**, this 22nd day of October, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA